Regina ANGELL, Petitioner,

v.

BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, and William Carter Company, dba Carter's Childrens Wear, Respondents.

No. 870217–CA.

Court of Appeals of Utah.

Feb. 23, 1988.

Mark F. Bell (argued), Mazuran, Verhaaren & Hayes, P.C., Salt Lake City, for Regina Angell.

* Michael R. Murphy, Judge, Third Judicial District Court, sitting by special appointment pur-

Linda Wheat Field, Asst. Atty. Gen., Alan Hennebold (argued), Sp. Asst. Atty. Gen., Salt Lake City, for respondents.

Before ORME, BILLINGS and MURPHY,* JJ.

OPINION

ORME, Judge:

Petitioner was refused unemployment benefits and seeks reversal of the Board of Review's summary decision affirming an administrative law judge's denial of those benefits. Petitioner raises a number of arguments, one of which is that she was denied the right to representation of her own choice at the administrative hearing on her claim. We find that argument persuasive, reverse on that basis, and have no occasion to reach petitioner's other contentions.

The facts, insofar as relevant to our disposition, are few and undisputed. Petitioner became unemployed, sought benefits pursuant to Utah Code Ann. § 35–4–3 (1987), was denied benefits, appealed the initial denial, and her case was scheduled for hearing before an administrative law judge of the Department of Employment Security. In advance of the hearing on the merits of her appeal, held on February 17, 1987, petitioner was sent a pamphlet explaining her rights and obligations in pursuing her claim. The pamphlet included the following statement under the heading "Representation at the Hearing":

> You may represent yourself or you may be represented by an attorney or other person of your choice at the hearing.

The pamphlet's information in this regard merely acquaints claimants with the terms of Utah Code Ann. § 35–4–18(b) (1987), which provides in part that "[a]ny individual claiming benefits in any proceeding before the commission or its representatives or a court may be represented by counsel or any other duly authorized agent."

suant to Utah Code Ann. § 78–3–24(1)(j) (1987).

As was her right, petitioner attended the hearing accompanied by her husband, who agreed to represent her. Because her husband also had personal knowledge of certain facts relevant to her appeal, he also intended to testify.

The administrative law judge, apparently confusing the ethical obligations of attorneys at law with the obligations of representatives generally,[1] determined that petitioner's husband could not represent her if he was also going to be a witness. Petitioner's husband was thereupon excluded from the hearing room and petitioner was left to handle presentation of her claim without the assistance of her chosen representative.

On appeal, the Department readily acknowledges the judge's error. It concedes that lawyers who represent parties are ordinarily precluded from testifying on their behalf only because of special rules applicable to members of the Bar which had no applicability to petitioner's husband. It concedes that petitioner was entitled to be represented by her husband or anyone else she might designate. It concedes that neither the applicable statute nor its regulations preclude a party's chosen representative from also testifying.

The Department does not dispute that the judge's action was arbitrary and capricious,[2] but argues instead that no prejudice resulted to petitioner. The Department observes that petitioner's husband was not skilled in the law nor particularly articulate, making it merely speculative that petitioner's claim would have been handled any differently had he been permitted to represent her. The Department notes that petitioner's husband did not object when the judge directed he leave the hearing room,[3] calling into serious question his skills as an advocate. Moreover, the Department contends any harm was more than compensated for by the judge's own probing of the witnesses and other efforts to insure that all sides of the story were fully told.

While it is not obvious from the record what her husband could have done differently, it is obvious that the presentation of petitioner's claim would have been compromised by the last-minute decision to deny her the representative of her choice. Perhaps her husband had prepared opening and closing statements. Perhaps he had prepared a series of questions to ask petitioner or other witnesses. Perhaps petitioner took comfort, as even many attorneys do, in knowing she could rely on someone else to keep notes and analyze the unfolding "courtroom" drama while she

---

1. With limited exceptions, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Utah Rules of Professional Conduct, Rule 3.7(a) (adopted by the Utah Supreme Court effective January 1, 1988).

2. The Utah Administrative Procedure Act became effective January 1, 1988. 1987 Utah Laws, ch. 161, § 315. *See* 1987 Utah Legislative Report 606. However, it does not govern this case since it does not apply to cases already pending at its effective date. 1987 Utah Laws (1st Special Session), ch. 5, § 31 (to be codified Utah Code Ann. § 63–46b–22 (1988)). *See* 1988 Advance Code Service 130. If the act applied, however, the result would be the same although our analysis would be slightly different.

The Utah APA, by detailing specific kinds of agency action that will be reversed if prejudice results, seeks to make only limited utility of the traditional notions of "arbitrary and capricious" and "abuse of discretion." Utah Code Ann. § 63–46b–16(4) (1987). Although these familiar but elusive standards are included at the end of the section, apparently as catch-all provisions, it will be preferable to analyze cases under the more specific criteria where they apply. Thus, in the instant case, we would reverse the Department's action for the specific reason that "the agency has erroneously interpreted or applied the law." Utah Code Ann. § 63–46b–16(4)(d) (1987).

3. On the other hand, the Department's regulations provide: "The Administrative Law Judge may, at his discretion, adjourn or continue a hearing on his own motion." Utah Admin.Code R475–6c–11(1) (1987). No continuance was ordered to permit petitioner an opportunity to find another representative. Moreover, the Department's regulations provide that parties to an appeal may waive what is otherwise their right to written notice of the legal issues they will face at the hearing, when a new issue arises, "after a full verbal explanation of the issues and potential results." *Id.* R475–6c–10(1)(b). No such explanation was offered in connection with the judge's *sua sponte* identification of the representation issue and his erroneous ruling thereon.

concentrated on her own testimony and other aspects of the case. Even where neither is the head of an attorney, two heads are usually better than one in such situations. Aside from these somewhat speculative concerns, it is inescapable that petitioner would have been caught off guard, having earlier been told she could have anyone represent her, when informed—immediately before the hearing started—that in fact her chosen representative could not assist her.

The instant problem is strictly one of the Department's own making and the rights involved are substantial ones. Accordingly, any doubts about whether petitioner was prejudiced should be resolved in her favor. Reviewing the record as a whole, we cannot conclude to a reasonable certainty that no prejudice resulted from the judge's improper decision concerning petitioner's selection and utilization of her representative.

Accordingly, the Board's decision is reversed and the matter remanded for a new hearing, at which petitioner may have the benefit of representation of her choice. To assure that petitioner is not indirectly prejudiced by the administrative mistake which necessitates a new hearing, and because the entire proceeding to date must be regarded as tainted, such hearing shall be held before a different administrative law judge and the record of the prior hearing shall in no way be used at that hearing or otherwise utilized in the reconsideration of her claim.

BILLINGS and MURPHY, JJ., concur.