**Phyllis NELSON, Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.**

**No. 890705–CA.**

Court of Appeals of Utah.

Nov. 8, 1990.

---

Robert N. Macri, Salt Lake City, for petitioner.

R. Paul Van Dam, and Alan Hennebold, Lorin Blauer, Sp. Asst. Attys. Gen., Dept. of Employment Sec., Salt Lake City, for respondent.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Petitioner, Phyllis E. Nelson filed this petition for review of the Industrial Commission's decision denying her unemployment compensation benefits. In affirming the decision of the Administrative Law Judge ("A.L.J."), a majority of the Board of Review of the Industrial Commission ("Board") concluded that Ms. Nelson was discharged from her employment for "just cause" under Utah Code Ann. § 35–4–5(b)(1) (1990). We affirm the decision of the Board.

We review only those facts relevant to the issues presented. Dan's Foods employed Ms. Nelson as a grocery checker for approximately eighteen years, until her discharge on July 8, 1989. As a grocery checker, Ms. Nelson dealt with various discount coupons. Ms. Nelson was aware of Dan's Foods's policy that customers were to receive credit only if they concurrently purchased the applicable item. She also knew a customer was not to be credited for more than the price of the item. Dan's Foods had recently implemented a double coupon promotion. Ms. Nelson was familiar with the new policy.

While Ms. Nelson was on duty, a customer complained to the store manager that Ms. Nelson had given a customer coupon credit for items not purchased. As a result of this information, the store manager contacted a loss prevention worker who began an investigation.

Loss prevention personnel installed a special detailed journal tape on Ms. Nelson's register for approximately one week in order to monitor her dealings with coupons. This process revealed numerous irregularities and violations of company coupon redemption policy. When questioned about these irregularities, Ms. Nelson was unable to explain most of the irregularities, but indicated that in some instances she gave coupon credit if the customer had previously purchased the item but had not presented the coupon at the time of purchase. As a result of the investigation, Ms. Nelson's supervisor discharged her for violating the company's coupon redemption policy.

Ms. Nelson appealed the denial of unemployment benefits and was thereafter given notice of a hearing before an A.L.J. At the administrative hearing, Ms. Nelson appeared without counsel. Dan's Foods appeared by Robert Watson, its "employer representative."

At the outset of the hearing, the A.L.J. explained the procedure which would be followed and the significance of the evidence received and both parties voiced their understanding of the process. During the course of the hearing, the A.L.J. assisted Ms. Nelson in formulating questions she attempted to pose to witnesses from Dan's Foods. The A.L.J. also asked questions directly of Ms. Nelson in order to elicit her side of the story.

Following the hearing, the A.L.J. concluded the denial of unemployment benefits was proper as Ms. Nelson had been discharged from Dan's Foods for "just cause." This decision was reviewed and affirmed by a two-to-one decision of the Board.

On petition for review to this court, Ms. Nelson challenges the Board's decision claiming denial of her unemployment benefits was not proper under section 35–4–5(b)(1) and she was denied due process of law at the administrative hearing.

## "JUST CAUSE" UNDER UTAH CODE ANN. § 35–4–5(b)(1)

It is difficult to determine precisely what Ms. Nelson's complaints are on appeal. In her brief, the only finding of fact Ms. Nelson appears to challenge is the finding made by the A.L.J. and affirmed by the Board that she was terminated for failure to adhere to Dan's Foods's coupon redemption policy. She does not argue that she did not violate Dan's Foods's coupon redemption policy, but claims this justification for her termination was merely a pretext and that she was terminated to allow Dan's Foods to hire less expensive help.

■ These proceedings were commenced after January 1, 1988, and thus our review is governed by Utah Code Ann. § 63–46b–16(4) (1989) of the Utah Administrative Procedures Act ("UAPA"), Utah Code Ann. §§ 63–46b–1 to –22 (1989). This court has previously addressed at length the standard under UAPA for reviewing the Board's findings of fact. *See Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 67–68 (Utah Ct.App.1989). Under UAPA, the Board's findings of fact will be affirmed where they are "supported by substantial evidence when viewed in light of the whole record before the court." *Id.* at 67 (quoting Utah Code Ann. § 63–46b–16(4)(g) (1989)). A party challenging the factual findings of the Board must "marshall all of the evidence supporting the findings and show that despite the

supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *Grace Drilling*, 776 P.2d at 68.

■ If indeed Ms. Nelson is challenging the finding that she was terminated for failure to adhere to the store's coupon policy, she has failed to meet her burden of marshaling the evidence in support of that finding. Therefore, we accept the Board's finding as conclusive.[1] *See Pro–Benefit Staffing v. Board of Review*, 775 P.2d 439, 441 (Utah Ct.App.1989) (citing *Cornish Town v. Koller*, 758 P.2d 919, 922 (Utah 1988)); *Sampson v. Richins*, 770 P.2d 998, 1002 (Utah Ct.App.1989).

■ Accepting the factual findings of the Board, we must determine whether the Board correctly concluded Ms. Nelson was discharged for "just cause" under Utah Code Ann. § 35–4–5(b)(1) (1990), thus disqualifying her from receiving unemployment benefits. We will not disturb the Board's conclusion unless such determination "exceeds the bounds of reasonableness and rationality." *See Pro–Benefit Staffing*, 775 P.2d at 442; *Johnson v. Department of Employment Security*, 782 P.2d 965, 968 (Utah Ct.App.1989).

■ The Board's interpretative rules and Utah case law articulate the standard for "just cause." The test is comprised of three factors, (1) culpability, (2) knowledge of expected conduct, and (3) control over the offending conduct. *See Pro–Benefit Staffing*, 775 P.2d at 442. The employer must establish all three factors to show that the employee is not entitled to unemployment benefits. *See id.* at 442–43.

■ In examining culpability, this court has previously looked to the applicable administrative rules for guidance. *See id.* at 443. Utah Administrative Rule 475–5b1–2(1)(a) (1989) indicates that culpability encompasses the seriousness of the conduct as it affects the continuance of the employment relationship. Longevity of

---

1. We note, however, from our independent review of the record that there is substantial evidence to support the Board's finding that Ms. Nelson was terminated for her violations of Dan's Foods's coupon policy.

employment and prior work record are also important considerations in determining whether the act was an isolated incident or a good faith judgment error and thus not culpable conduct. *Pro–Benefit Staffing*, 775 P.2d at 443. We review the Board's determination of the culpability of claimant's conduct under the intermediate standard to determine whether it is reasonable and rational in light of the record. *Id.* at 442.

As an employer, Dan's Foods has a financial interest in and legitimate need to control the use and redemption of discount coupons. As an employee of Dan's Foods, Ms. Nelson was aware of the coupon redemption policy. Nevertheless, Ms. Nelson repeatedly violated this policy without adequate explanation. It is important to consider, as did the A.L.J. and the Board, that Ms. Nelson was a long-time employee of Dan's Foods with no record of prior policy violations. Notwithstanding Ms. Nelson's history, we cannot say the Board's conclusion that Ms. Nelson's conduct was culpable within the meaning of § 35–4–5(b)(1) was not reasonable and rational.[2]

■ To satisfy the knowledge prong of the "just cause" test, an employee "must have had a knowledge of the conduct which the employer expected." *See Law Offices of D.P. White v. Board of Review*, 778 P.2d 21, 24 (Utah Ct.App.1989) (citing Utah Admin.Code R475–5b–2(1)(b) (1988)). Knowledge requires an explanation of expected behavior or a written policy unless the conduct involved is a "flagrant violation of a universal standard of behavior." *Law Offices of D.P. White*, 778 P.2d at 24.

The record clearly establishes that Ms. Nelson was aware of Dan's Foods's coupon redemption policy. The manager and the loss prevention representative both confirmed that Ms. Nelson had been informed of the policy. Ms. Nelson herself admitted her familiarity with the policy and acknowledged her receipt of the material outlining the double coupon policy.

The final element which must be satisfied to establish "just cause" is that of control. The behavior or conduct must have been within the power and capacity of the employee to control or prevent. *See id.* at 25. The evidence does not demonstrate, nor does Ms. Nelson argue, that her conduct was not within her control.

■ Ms. Nelson was discharged from her longtime position as a grocery checker at Dan's Foods for repeated improper redemption of coupons in violation of store policy. Under the circumstances, the Board's conclusion that she was terminated for "just cause" under Utah Code Ann. § 35–4–5(b)(1) (1990), was reasonable and rational and we affirm it on appeal.

## DUE PROCESS IN ADMINISTRATIVE HEARING

Ms. Nelson further contends she was denied due process in her administrative hearing as she did not understand the procedure and was not represented by counsel at the hearing and thus was unable to communicate her side of the controversy.

■ The Utah Supreme Court has acknowledged that litigants in an administrative hearing have a "due process right to receive a fair trial in front of a fair tribunal." *Bunnell v. Industrial Comm'n of Utah*, 740 P.2d 1331, 1333 (Utah 1987).[3] *See Ellison, Inc. v. Board of Review*, 749

---

2. Review of the A.L.J.'s findings and conclusions reveal that he carefully considered Ms. Nelson's work history and lack of previous violations. Nevertheless, he concluded that Dan's Foods had established culpability. We may have come to a different conclusion were we weighing the evidence de novo, but we cannot say the Board's decision that Ms. Nelson's conduct was culpable was not reasonable and rational.

3. In *Bunnell*, the majority indicated fairness required endeavors to prevent the possibility of unfairness, and where the appearance of unfairness was so plain that a reasonable person would find the hearing unfair, due process demanded a new trial. The *Bunnell* court held that the claimant had been denied due process in an administrative hearing where the A.L.J.'s conduct "so far diverged from that which would be expected from an impartial judge." *Id.* at 1334. In *Bunnell*, the A.L.J. improperly excluded "highly probative" hearsay testimony, intimidated witnesses, refused to listen to claimant's argument, and decided the case without considering all the evidence. *Id.*

P.2d 1280, 1285 (Utah Ct.App.1988) (due process and a fair hearing afforded where the A.L.J. did not intimidate the witnesses and gave claimant an opportunity to cross-examine witnesses and to present his case).

While we have recognized the importance and necessity of preserving fundamental requirements of procedural fairness in administrative hearings, administrative hearings need not possess the formality of judicial proceedings. *See State Dep't. of Community Affairs v. Utah Merit System Council,* 614 P.2d 1259, 1262 (Utah 1980).

 We are persuaded that Ms. Nelson received a fair hearing. Although she appeared without counsel, she was given ample opportunity to present her story and the opportunity to cross-examine adverse witnesses with some assistance from the A.L.J. in formulating her questions. The A.L.J., in fact, questioned the employer's witnesses in order to bring out Ms. Nelson's side of the story. Ms. Nelson expressed no confusion, nor did she request assistance at the hearing.

Ms. Nelson further claims that she was denied due process as she was not represented by counsel at the hearing. Generally, claimants in an administrative hearing are entitled to retain the counsel of their choice. *See, e.g., Angell v. Board of Review,* 750 P.2d 611 (Utah Ct.App.1988); *see also* Utah Code Ann. § 35–4–18(b) (1988) (individuals in proceedings before the Industrial Commission or its representatives *may* be represented by counsel or other authorized agent). This does not mean, however, the agency is required to appoint counsel for claimants. *See Kalmakoff v. State Commercial Fisheries,* 693 P.2d 844, 847 (Alaska 1985).

When a claimant in administrative proceedings chooses to appear without counsel, she does so at her own peril. *See McConnell v. State of New Mexico ex rel. Bureau of Revenue,* 83 N.M. 386, 492 P. 2d

1003, 1004 (Ct.App.1971). However, where *one* party in an administrative hearing is not represented by counsel, this court has acknowledged the officer conducting the hearing has "an affirmative duty to elicit all relevant facts, including those favorable and unfavorable to the party that is not represented." *See Ellison, Inc. v. Board of Review,* 749 P.2d 1280, 1285 (Utah Ct. App.1988); *see also Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir.1981). In the instant case, there is no evidence that Dan's Foods was represented by counsel.[4] In any event, the A.L.J. assisted Ms. Nelson in questioning adverse witnesses and probing into relevant areas.

The decision of the Board is affirmed.

BENCH and GREENWOOD, JJ., concur.

---

4. The record establishes only that Robert Watson of the Gibbens Company, the "employer representative" for Dan's Foods, was present and participated at the hearing. Ms. Nelson has failed to cite us to any portion of the record that would support a conclusion that Dan's Foods was represented by counsel at the hearing. Therefore, we assume Dan's Foods was not represented by counsel, and thus we do not employ the higher standard for eliciting evidence as set forth in *Ellison v. Board of Review,* 749 P.2d 1280, 1285 (Utah Ct.App.1988).