Sharon MERRIAM, Petitioner,

v.

BOARD OF REVIEW OF the INDUSTRI-
AL COMMISSION OF UTAH, Employ-
ers' Reinsurance Fund, and Nordstrom,
Respondents.

No. 900364–CA.

Court of Appeals of Utah.

May 16, 1991.

**448**

Dwight J.L. Epperson (argued), Salt Lake City, for petitioner.

Henry K. Chai II (argued) Snow, Christensen & Martineau, Salt Lake City, for respondent, Nordstrom.

Erie Boorman, Indus. Com'n, Salt Lake City, for respondent, Employers' Reinsurance Fund.

Before BILLINGS, ORME and RUSSON, JJ.

## OPINION

BILLINGS, Judge:

Sharon Merriam (petitioner) seeks review of the Board of Review of the Industrial Commission's (Commission) order denying her claims for workers' compensation benefits arising out of six alleged industrial accidents. We affirm the decision of the Commission.

On July 12, 1988, petitioner initiated proceedings before the Commission claiming compensation for injuries and expenses arising out of six alleged industrial accidents.

Initially, it is important to note that petitioner has a lengthy history of injuries beginning in 1967 or 1968 when she fractured her tailbone while skiing. In 1978, she reportedly suffered from backaches. Petitioner was then involved in an automobile accident in 1979 and suffered neck pain for which she wore a neck brace. In 1982, petitioner received numerous chiropractic treatments for neck and back pain and headaches.

Petitioner alleges she first injured her back lifting a box of clothing while working as a packer for Nordstrom on April 23, 1983. She reported the incident (accident one) to the personnel department on April 25, 1983, but did not believe she had done any major damage. On Saturday April 24, 1983, while bending over to pick up an object off the floor at home, petitioner experienced a sudden onset of pain in her low back radiating into her legs. Petitioner received several chiropractic treatments in late April and early May 1983. She also saw an orthopedic surgeon. Petitioner claimed benefits for permanent partial impairment as a result of accident one, but no medical expenses.

Later that same year, petitioner injured her lower back lifting a fifty-pound bag of salt out of her car. Still later, in December 1983, petitioner was involved in a serious head-on collision with a drunk driver and thereafter she experienced stiffness and soreness of her entire body.

In January 1985, petitioner allegedly strained her right arm at work when she jerked to catch some boxes off a roller (accident two). However, when she reported this incident to personnel, she indicated only that her back started hurting while lifting and walking. Again, petitioner only claimed benefits for permanent partial impairment as accident two resulted in no medical expenses.

In April 1985, petitioner allegedly injured her lower back at work when she again turned to catch a box of cosmetics that was about to fall from some rollers (accident three). Petitioner claimed permanent partial disability benefits for the April 1985 accident.

On January 11, 1987, petitioner slipped on some ice at her mother's home and experienced a sudden onset of low back pain. On January 12, petitioner called her doctor and requested medication for her lower back pain.

On January 14, 1987, petitioner claims she injured her back at work while grabbing some plastic packets as they started to slip from her lap (accident four). She received emergency room treatment on January 14, reporting that she had progressively increasing pain since the fall on January 11, and she had experienced extreme pain trying to stand up at work on January 14. As a result of the January 14 incident at work, petitioner claimed medical expenses and temporary total disability benefits.

The next alleged industrial accident occurred on April 8, 1987 when petitioner slipped on a wet floor and grabbed a pole to keep herself from falling (accident five). When reporting the incident and seeking medical evaluation, petitioner indicated she was not injured but wanted to make the report just in case. For this accident, petitioner claimed only medical expenses, but did not submit any medical bills.

In July 1987, petitioner injured her right arm while moving some sound equipment in an incident unrelated to her employment. On August 31, 1987, petitioner was injured when she fell down seven stairs at her home and landed on her buttocks. Immediately following the fall, she began experiencing back pain that was so severe she contacted five doctors in one day.

Shortly thereafter, she was referred to Dr. Lamb, an orthopedic surgeon, for low back pain. In his report, Dr. Lamb indicated that the back problems began with a hospitalization in 1983 and the 1983 automobile accident. Dr. Lamb performed back surgery on petitioner in November 1987.

Petitioner further alleges she injured her neck and right arm lifting the lid on a file drawer at work on March 4, 1988 (accident six). She admitted the lid was not stuck and only weighed a couple of pounds. Petitioner made a claim for medical expenses and permanent partial disability incurred as a result of this incident.

Petitioner claims she had a stressful employment history with Nordstrom and she had required reassurance and support from her health care providers during her last several years at Nordstrom. She claims for the first time before this court that her permanent partial impairment is greater as a result of such stress.

After the initial hearing in February 1989, the administrative law judge referred the matter to a medical "panel" consisting of one orthopedic surgeon. After the medical panel examined petitioner, and reviewed her lengthy medical history, it issued its report stating that petitioner had a twelve percent whole person impairment rating for her low back problems. The medical panel concluded her impairment pre-existed the April 1983 incident and was a result of degenerative lumbar disc disease. The medical panel also concluded that petitioner's right arm problems were related to a chronic condition from arm positioning and not to any of the alleged industrial accidents. On July 13, 1989, petitioner objected to the medical panel report.

In September 1989, petitioner's case was reassigned to another administrative law judge after the original judge left the Commission. The new administrative law judge held a posthearing conference on November 6, 1989 and petitioner elected to have the administrative law judge rule on the existing record in addition to the legal supplement she submitted on November 16, 1989.

On January 9, 1990, the administrative law judge denied petitioner's claims. He concluded that petitioner failed to establish that accidents one, four and six were compensable. The administrative law judge found that petitioner's alleged back injury in April 1983 was not a result of accident one, but rather was a result of the incident where she reached for an object at home. The administrative law judge concluded that accidents four and six were not compensable industrial accidents as they did not involve unusual exertion and petitioner had pre-existing related medical problems. The administrative law judge also concluded that even though accidents two, three and five were industrial accidents for which compensation might otherwise be forthcoming, petitioner failed to establish entitlement to benefits as her permanent partial back disability was not a result of these accidents, but rather a pre-existing degenerative disease, and her arm problems were unrelated to her industrial accidents.

On January 19, 1990, petitioner requested a rehearing, and on February 7, she filed a motion for review. On June 13, 1990, the Commission denied petitioner's motion for review. Petitioner makes the following claims of error to this court in her petition for review: (1) she should have been awarded compensation for her six accidents for permanent partial back and right arm disabilities; (2) she should have

been awarded compensation for her mental stress claim; and (3) she was prejudiced by unreasonable administrative delay.

## STANDARD OF REVIEW

Because these proceedings were commenced after January 1, 1988, our review is governed by the Utah Administrative Procedures Act (UAPA) found in Utah Code Ann. §§ 63–46b–1 to –22 (1989). This court has addressed at length the standard for reviewing the Commission's findings of fact under UAPA and concluded that the findings of fact will be affirmed if they are "supported by substantial evidence when viewed in light of the whole record before the court." *Nelson v. Department Emp. Sec.*, 801 P.2d 158, 161 (Utah Ct.App.1990) (quoting *Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 67–68 (Utah Ct.App. 1989)). Substantial evidence is that which a reasonable person "might accept as adequate to support a conclusion." *Grace Drilling*, 776 P.2d at 68. To effectively challenge the Board's findings of fact, a party must marshal "all of the evidence supporting the findings and show that despite the supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *Id.* However, when reviewing the application of facts to the law, also known as mixed questions of law and fact, we will uphold the Board's conclusions as long as they are reasonable and rational. *See Pro–Benefit Staffing v. Board of Review*, 775 P.2d 439, 442 (Utah Ct.App.1989).

## BACK AND RIGHT ARM CLAIMS

On review, petitioner makes a general claim that her current disability is the result of her numerous industrial accidents. Although she is somewhat vague in describing her alleged permanent partial disability, she apparently claims to suffer from back and right arm problems.[1]

In order to recover for a work-related injury or disability a claimant must prove "the disability is medically the result of an exertion or injury that occurred during a work-related activity." *Allen v. Industrial Comm'n*, 729 P.2d 15, 27 (Utah 1986). If a claimant cannot demonstrate a medical causal connection, compensation should be denied. *Id.* Medical causation is a factual matter. *See Virgin v. Board of Review*, 803 P.2d 1284, 1287 (Utah Ct.App. 1990); *Large v. Industrial Comm'n*, 758 P.2d 954, 957 (Utah Ct.App.1988).

In the instant case, the medical panel found that, although petitioner did have a twelve percent permanent partial disability in her lower back, the entire disability pre-existed her initial alleged industrial accident of April 1983 (accident one). The panel also found that

> the history does not support a connection between her right arm and low back problems to the industrial accidents [two, three and five]. Her current upper extremity symptoms relate more to a chronic condition from arm positioning and "over use" in an abducted and forward flexed position than to any injury. There is no record of a clear causal relationship to her shoulder and elbow problems and any of the accidents mentioned.

The administrative law judge, and subsequently the Commission, adopted the medical panel's findings. Petitioner fails to properly challenge these findings on review as she does not marshal the evidence in support of the findings and then demonstrate that such findings are unsupported by substantial evidence. *See Nelson v. Department Emp. Sec.*, 801 P.2d 158, 161 (Utah Ct.App.1990); *Pro–Benefit Staffing v. Board of Review*, 775 P.2d 439, 441 (Utah Ct.App.1989); *Grace Drilling v. Board of Review*, 776 P.2d 63, 68 (Utah Ct.App.1989). Accordingly, we accept the Commission's findings as conclusive and affirm the Commission's denial of compen-

---

1. Petitioner does not clearly articulate what she requests on appeal other than a "determination that [she] is entitled to an award of compensation because she has met her burden of proof." Her focus in her brief is that the Commission erred in finding her permanent partial low back

disability pre-existed her alleged industrial accidents. Although, before the Commission, she asserted claims for medical expenses and temporary total disability regarding some of her alleged industrial accidents, she does not raise or address these claims on appeal.

sation for petitioner's permanent partial disabilities as the Commission found no medical causation.[2] *See Nelson,* 801 P.2d at 161; *Pro–Benefit Staffing,* 775 P.2d at 441.

## MENTAL STRESS CLAIM

■ Petitioner also claims the administrative law judge erred when he failed to make findings regarding the contribution of petitioner's mental stress to her alleged impairments. Respondents reply that petitioner cannot raise such an issue on review where she did not raise it before the Commission. Generally, where a party fails to raise an issue before the Commission, they cannot raise it for the first time on judicial review. *See Pease v. Industrial Comm'n,* 694 P.2d 613 (Utah 1984); *Rekward v. Industrial Comm'n,* 755 P.2d 166 (Utah Ct. App.1988).

In the instant case, petitioner had several opportunities to raise her claim regarding mental stress. To allow petitioner to litigate this new claim for the first time on review would improperly strip the Commission of its statutory responsibility to make

threshold decisions regarding compensability of claims and the evaluation of evidence in support thereof. Accordingly, we will not consider petitioner's mental stress claims for the first time on review.

## UNREASONABLE DELAY

■ Finally, petitioner claims she was prejudiced by unreasonable delays on the part of the administrative law judge in issuing his ruling. Because petitioner failed to raise this issue in her motion for review before the Commission, we will not consider it for the first time on review. *See Pease v. Industrial Comm'n,* 694 P.2d 613 (Utah 1984); *Rekward v. Industrial Comm'n,* 755 P.2d 166 (Utah Ct.App.1988).

We do note, however, that although the initial hearing was on February 6, 1989, petitioner filed her last supplemental written argument on November 16, 1989 and Nordstrom responded on November 24, 1989. The administrative law judge then issued his findings, conclusions and order forty-six days later, on January 9, 1990. Based on the circumstances of the case, a

**2.** Petitioner contends the administrative law judge incorrectly applied the standard for determining requisite legal causation in workers' compensation claims as set out in *Allen v. Industrial Comm'n,* 729 P.2d 15 (Utah 1986), requiring claimant to show that "the employment contributed something substantial to increase the risk he already faced in everyday life because of his [pre-existing] condition." *Id.* at 25. She argues that she should not have been held to this higher standard for determining unusual exertion required by *Allen* when a pre-existing condition is present. *See id.*

Petitioner contends that our recent clarification of the *Allen* standard in *Fred Meyer v. Industrial Comm'n,* 800 P.2d 825, 829–30 (Utah Ct.App.1990) precludes application of the higher legal causation test to her injuries sustained in accidents subsequent to accident one. In *Fred Meyer,* we indicated that workers' compensation claimants were not required to satisfy the higher standard to establish legal causation if the pre-existing condition resulted from an accident occurring during employment with the same employer.

We note that the Commission concluded petitioner had met the higher standard with regard to accidents two, three and five, thus a challenge under *Allen* is not relevant to these claims. With regard to accident one, the Commission

found that petitioner's claim was not credible or trustworthy and that any injury was sustained as a result of petitioner's non-industrial activities. With regard to accidents four and six, the Commission did conclude that petitioner failed to meet the higher *Allen* standard and we conclude there was a correct application of the standard.

Petitioner effectively ignores the factual findings of the administrative law judge and the Commission that her disabilities pre-dated her alleged original industrial accident, accident one, and were a result of pre-existing degenerative and chronic conditions. Petitioner fails to meet the burden of marshalling the evidence in support of these findings. Thus, we accept the Commission's factual findings that petitioner's back condition, namely degenerative lumbar disc disease, and her chronic arm problems pre-existed accident one.

We therefore uphold the application of the higher standard under *Allen* to accidents four and six as petitioner has not successfully challenged the factual findings regarding her non-work-related pre-existing condition. Furthermore, even if the Commission had concluded there was sufficient legal causation under *Allen,* the subsequent finding of the medical panel demonstrates that petitioner's alleged permanent impairments are not medically related to any alleged industrial accident.

forty-six day delay hardly seems unreasonable.

In conclusion, we note that although petitioner does not appear to be pleased with the Commission's findings of fact, she does not follow the guidelines clearly set out by this court requiring her to marshal the evidence before attacking them. Therefore, we accept the factual findings of the Commission which establish that her back and right arm problems were not medically caused by any of her alleged industrial accidents. We do not address petitioner's claims of mental distress and unreasonable delay as she failed to raise them before the commission. Therefore, we affirm the order of the Commission.

ORME and RUSSON, JJ., concur.