**Jennie STEWART, Petitioner,**

**v.**

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH; Warner Lambert/American Chickle; and Underwriters Adjusting Company, Respondents.**

**No. 910425–CA.**

Court of Appeals of Utah.

April 29, 1992.

---

Lowell V. Summerhays, Murray, for petitioner.

Henry K. Chai, II, Salt Lake City, for respondents Warner Lambert/American Chickle and Underwriters Adjusting Co.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Petitioner Jennie Stewart appeals the Industrial Commission's denial of certain benefits sought by Stewart. We affirm.

## FACTS [1]

On July 31, 1984, Stewart experienced a pain in her right shoulder while lifting boxes in the course of her employment duties. Stewart did not report the injury to her employer, respondent American Chickle (Chickle), nor did she seek immediate medical treatment. Stewart continued to work and first sought medical treatment on August 27, 1984. At that time she saw Dr. Jerry Poulson, her family physician, who referred her to Dr. Devon Toone, a chiropractor. Stewart did not mention any specific industrial injury to Dr. Poulson. Dr. Toone first saw Stewart on October 10 and continued treating her until May of 1985. Dr. Toone's records indicate that Stewart reported the injury had occurred at work while she was lifting boxes. In a subsequent report completed by Dr. Poulson, the date of injury was stated as July 1984.

In a report dated November 7, 1984, Stewart reported the injury to her employer. In that report, Stewart indicated she did not know how the injury occurred.

Dr. Thomas Soderburg, an orthopedic surgeon, examined Stewart on May 1, 1985. Both Dr. Soderburg and Dr. Kim Bertin, another orthopedic surgeon, opined that Stewart had a muscle strain of her right shoulder. Stewart continued working until September 12, 1985. On that date, Dr. Bertin hospitalized Stewart and performed an acromioplasty of her right shoulder. Stewart received temporary total compen-

---

1. We accept the Industrial Commission's findings of fact as conclusive because, as discussed later in this opinion, Stewart has failed to challenge these findings.

sation from workers' compensation from September 12, 1985 through March 26, 1986. On March 19, 1986, Dr. Bertin gave Stewart a permanent partial impairment rating of four percent of the upper extremity which he converted to a two percent whole person permanent rating. Chickle, through its insurance carrier, tendered a compensation agreement and check to Stewart to compensate her for a 2.4 percent whole person impairment. Stewart disputed this rating.

When Stewart's temporary total disability benefits were terminated in March of 1986, she began receiving long-term disability benefits. After an unrelated hospitalization in September of 1986, Stewart returned to Dr. Bertin with complaints of shoulder pain. Dr. Bertin referred Stewart to Dr. Bruce Sorenson to determine if Stewart's shoulder pain was being caused by some cervical abnormality. Several tests were performed and all results were normal. Neither Dr. Bertin nor Dr. Sorenson could determine the source of Stewart's pain and Dr. Bertin concluded Stewart should seek further consultation to make sure nothing was being overlooked.

On August 25, 1987, Stewart was involved in an automobile accident. The collision caused the dashboard of the vehicle to be pushed into her right arm which in turn pushed Stewart's right shoulder back. The armrest of the passenger door struck Stewart on the right side below her ribs. A few days later, Stewart sought medical treatment from Dr. Poulson. Dr. Poulson's records indicate Stewart had a bruise to the right shoulder and arm as well as pain in her neck. The records also indicate that Dr. Poulson concluded that Stewart's problems resulting from the industrial accident had resolved and that they were not contributing to the problems from the automobile accident. He provided fifteen treatments which ended in March of 1988, all of which were for treatment of the neck and dorsal back. In a letter to Stewart's counsel dated March 3, 1988, Dr. Poulson reported two separate injuries. He attributed Stewart's pain in her right shoulder to the 1984 industrial accident and gave a two percent whole person impairment rating for that injury. Dr. Poulson attributed the cervical spine, dorsal spine, and right shoulder injuries to the automobile accident and gave a ten percent whole person rating for that injury. Dr. Poulson concluded that most if not all of the pain Stewart was experiencing in her shoulder was due to pain from her cervical spine area.

At the request of the long-term disability insurance carrier, two additional physicians examined Stewart. Those physicians' reports indicate that they believed the industrial accident was responsible for Stewart's pain. The administrative law judge (ALJ)[2] found that neither of these physicians were informed about the automobile accident or about Dr. Poulson's conclusions. A medical panel consisting of one physician reviewed the case and submitted a report to the ALJ on June 6, 1989. The findings of the medical panel are summarized by the ALJ as follows:

> The medical panel felt that the applicant's complaints were cervical in nature, rather than shoulder, and that the applicant had a lot of subjective complaints without objective findings. The medical panel found a causal connection between the right shoulder problems and the industrial accident, and gave the applicant a 5% upper extremity rating which converts to a 3% whole person. The panel also found that the impairment led to a 30% disability, which was beyond its charge. In a supplemental panel report issued April 3, 1990, the medical panel concluded that the automobile accident did not cause any significant damage to the applicant's right shoulder. The panel

**2.** This case was originally heard by Judge Gilbert Martinez, who took it under advisement and referred the matter to a medical panel. Before the medical panel submitted its report, Judge Martinez left the Industrial Commission. Judge Timothy Allen was then assigned to the case. His findings of fact and conclusions of law state that he reviewed the transcript of the evidentiary hearing before Judge Martinez as well as the complete record, before rendering his decision. Unless otherwise specified, this opinion's reference to the ALJ refers to Judge Allen.

concluded that all of the applicant's current complaints are related to a cervical disc injury ... [which] was caused by the industrial accident of 1984, and was accentuated by the automobile accident.

The ALJ rejected the medical panel's finding that there was a causal connection between Stewart's cervical complaints and the 1984 industrial accident. The ALJ found there was no medical evidence to support that finding, and that therefore, Stewart's cervical injury resulted from her automobile accident and not the industrial accident.

The ALJ concluded that Stewart was entitled to a three percent whole person impairment as found by the medical panel, that Chickle had no responsibility for treatment resulting from the automobile accident, that Chickle was not responsible for the medical expenses of the two physicians to whom the long-term disability carrier had referred Stewart, and that all future medical expenses were Stewart's responsibility. Stewart moved for review whereupon the Industrial Commission affirmed the ALJ's findings and conclusions.

## ISSUES

Stewart challenges the ALJ's rejection of the medical panel's conclusion that her current injury was caused by the industrial accident. Stewart further claims that the Industrial Commission failed to determine all findings of fact, and that there is credible evidence in the record to support a conclusion that the industrial accident caused all of Stewart's injuries. Stewart asks this court to conclude that Chickle is liable for all present and future medical expenses incurred as a result of that accident.[3]

## STANDARD OF REVIEW

■ Because these proceedings were commenced after January 1, 1988, our review is governed by the Utah Administrative Procedures Act (UAPA), Utah Code Ann. § 63–46b–16 (1989). The standard for reviewing findings of fact under UAPA is well settled. "[F]indings of fact will be affirmed if they are 'supported by substantial evidence when viewed in light of the whole record before the court.'" *Merriam v. Board of Review*, 812 P.2d 447, 450 (Utah App.1991) (quoting *Nelson v. Department of Employment Sec.*, 801 P.2d 158, 161 (Utah App.1990)). "Substantial evidence is that which a reasonable person 'might accept as adequate to support a conclusion.'" *Id.* (quoting *Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 68 (Utah App.1989)). In conducting this review, we examine both sides of the record, and not simply that part of the record which supports the ALJ's findings. *Tasters Ltd. v. Department of Employment Sec.*, 819 P.2d 361, 365 (Utah App.1991).

## ANALYSIS

On review, Stewart makes a general claim that her current pain is a result of the 1984 industrial accident, and not, as the ALJ determined, a result of the 1987 automobile accident. She thus challenges the ALJ's factual findings and the ALJ's rejection of the medical panel's opinion which agreed with Stewart's position.

While Stewart apparently disagrees with the ALJ's factual findings, she fails to challenge those findings. As noted above, we will not disturb findings unless Stewart can demonstrate they are not supported by substantial evidence. *See Merriam v. Board of Review*, 812 P.2d 447, 450–51 (Utah App. 1991); *Grace Drilling v. Board of Review*, 776 P.2d 63, 68 (Utah App.1989). Stewart's challenge to the ALJ's findings falls short of this requirement.

■ After stating that, "[i]n marshaling all the evidence in support of the decision, the petitioner sees that there is no

---

**3.** Stewart filed a reply brief which Chickle has moved this court to strike. In her reply brief, Stewart raises issues which were not raised before the Industrial Commission, in her docketing statement to this court, or in her initial appellate brief. Utah Rule of Appellate Procedure 23(c) limits the material contained in reply briefs to "answering any new matter set forth in the opposing brief." Because Stewart's brief fails to comply with this rule, we decline to address the issues raised therein.

credible evidence to do so," Stewart identifies the marshaling burden and cites to evidence in the record upon which the ALJ relied in making his findings.[4] On this point, Stewart comes close to meeting her burden of presenting evidence which supports the very findings she contests. However, Stewart fails to draw this court's attention to any flaw in the evidence upon which the ALJ relied. *See West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah App.1991) (appellant acknowledged marshaling requirement but "misperceived it"). Accordingly, because she does not marshal the evidence in support of the ALJ's findings and then demonstrate that those findings are unsupported by substantial evidence, we accept the ALJ's findings as conclusive.[5] *See Merriam*, 812 P.2d at 450.

## CONCLUSION

We accept the ALJ's determination that the 1984 industrial injury is not responsible for Stewart's current pain. Accordingly, we affirm.

BILLINGS and GREENWOOD, JJ., concur.

---

**4.** Stewart cites to a medical report submitted by her physician, Dr. Poulson, which states that the pain Stewart was experiencing from the cervical area resulted from the automobile accident. She also states that because the two physicians who evaluated her at the request of the long-term disability insurance carrier did not have relevant medical records, their opinions that the industrial accident caused her present pain should be rejected.

**5.** We note that even were we to overlook Stewart's failure to comply with our marshaling requirement and reach the merits of this issue, the outcome would be no different.

The record is replete with documentation supporting the finding that Stewart's current pain resulted from the 1987 automobile accident. Stewart was treated for shoulder pain prior to the automobile accident. No cervical damage was ever diagnosed as resulting from the 1984 industrial accident. After the automobile accident, Stewart was treated for cervical problems which even her own family physician determined to have resulted solely from the automobile accident. The medical records reveal that Stewart's neck was free from anatomical or functional abnormality as late as June of 1987, when she received an MRI scan. In short, sufficient evidence supports the ALJ's factual findings.

Further, while the ALJ rejected the medical panel's conclusion that the automobile accident accentuated Stewart's pain, the ALJ did adopt the impairment rating determined by the panel. Stewart fails to show how an alleged error in the ALJ's factual findings made any difference in this outcome on this point. As to whether the ALJ erred in rejecting the causation finding made by the medical panel, it was clearly within his discretion to do so. *See Olsen v. Industrial Comm'n*, 797 P.2d 1098, 1100 (Utah 1990) (appropriate for ALJ to reject medical opinions which are not supported by credible evidence); *Lancaster v. Gilbert Dev.*, 736 P.2d 237, 241 (Utah 1987) (when medical evidence is conflicting, ALJ has duty to resolve factual conflict).