Thomas JOHNSON, Petitioner,

v.

**BOARD OF REVIEW OF THE INDUSTRIAL COMMISSION OF UTAH; Cereal Food Processors; and Nationwide Mutual, Respondents.**

No. 910665–CA.

Court of Appeals of Utah.

Oct. 23, 1992.

Rehearing Denied Jan. 5, 1992.

---

**2.** *See State v. Howell,* 707 P.2d 115, 117 (Utah 1985).

Jay A. Meservy (argued), Joseph C. Foley, Bountiful, for petitioner.

Henry K. Chai, II (argued), Snow, Christensen & Martineau, Salt Lake City, for respondents.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Petitioner Thomas D. Johnson appeals the Industrial Commission's denial of occupational disease benefits. We affirm.

### FACTS

Johnson was employed by Cereal Food Processors for over 22 years beginning on March 28, 1967. For much of this time Johnson was an operator of a flour agitator that mixed flour with chlorine gas and other chemicals in order to bleach the flour. On about June 25, 1987, after an alleged exposure to chlorine, Johnson began experiencing laryngitis and saw Dr. Wesley Harline the next day for this symptom. The laryngitis persisted and, because of it, Johnson missed at least nine days of work in December 1987. Johnson subsequently saw several other doctors concerning the hoarseness in his throat, rashes, and other symptoms. By at least January 4, 1988, Johnson was told by a doctor that his problems could be related to his exposure to gases and dust at work.

On January 22, 1990, Johnson filed an Application for Hearing with the Industrial Commission ("Commission") for the alleged June 25, 1987, industrial accident. This claim was dismissed because of Johnson's failure to give notice and file a claim within the statutory period. On about February 27, 1991, Johnson filed an Occupational Disease Claim with the Commission for chronic severe throat hoarseness, allegedly resulting from exposure to chlorine gas and flour dust from March 28, 1967, through December 13, 1989.

A hearing was held on July 15, 1991, and the administrative law judge ("ALJ") denied the claim, ruling that the cause of action on Johnson's claim arose as early as June 26, 1987, and no later than January 4, 1988. The ALJ determined the claim was not filed within the time required by Utah Code Ann. § 35–2–48 (1988). Johnson then filed a Motion for Review before the Commission. The Commission denied Johnson's Motion for Review, thereby affirming the ALJ's findings and conclusions.

### ISSUES

Johnson asserts two claims in his petition for review: (1) the statute of limitations had not run because the cause of action did not arise until October of 1989, rather than January of 1988; and (2) the Commission applied the incorrect statute of limitations to the action.

### STANDARD OF REVIEW

■ The Utah Administrative Procedures Act ("UAPA"), Utah Code Ann. § 63–46b–1 to –22 (1989), governs because these proceedings were commenced after January 1, 1988. The Commission's findings of fact will be affirmed if they are "supported by substantial evidence when viewed in light of the whole record before the court." *Stewart v. Board of Review*, 831 P.2d 134, 137 (Utah App.1992) (quoting Utah Code Ann. § 63–46b–16(4)(g) (1989)). Substantial evidence is more than a mere "scintilla" of evidence and something less than the weight of the evidence. *Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 68 (Utah App.1989). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.*

■ In conducting this review, we examine the whole record, not simply the part

that supports the Commission's findings.[1] *Stewart*, 831 P.2d at 137; *Tasters Ltd. v. Department of Employment Sec.*, 819 P.2d 361, 365 (Utah App.1991). A party challenging the Commission's findings of fact must marshal all the evidence in support of those findings and demonstrate that those findings are unsupported by substantial evidence. *Stewart*, 831 P.2d at 137–38; *Grace Drilling*, 776 P.2d at 68.

## ANALYSIS

■ On review, Johnson challenges the Commission's finding that his cause of action arose by January 4, 1988. Pursuant to Utah Code Ann. § 35–2–48 (1988), "[t]he cause of action shall be deemed to arise on the date the employee first suffered incapacity from the occupational disease and knew, or in the exercise of reasonable diligence should have known, that the occupational disease was caused by his employment." An applicant must file a written claim for an occupational disease with the Commission within one year after the cause of action arises. *Id.*

Specifically, Johnson challenges the Commission's factual finding as to when he suffered incapacity. However, while Johnson disagrees with the factual findings, he fails to properly challenge them. As noted above, we will not disturb the findings unless Johnson can demonstrate they are not supported by substantial evidence. *Stewart v. Board of Review*, 831 P.2d 134, 137 (Utah App.1992); *Merriam v. Board of Review*, 812 P.2d 447, 450–51 (Utah App. 1991). Johnson fails to meet this requirement. He neither marshaled all of the evidence in support of the Commission's findings nor did he show that the findings were not supported by substantial evidence. *Stewart*, 831 P.2d at 137; *Grace*

*Drilling Co. v. Board of Review*, 776 P.2d 63, 68 (Utah App.1989).

Johnson claims that the ALJ made no findings as to whether Johnson suffered incapacity at anytime. The only evidence of incapacity, Johnson asserts, occurred when he was forced to quit work in October 1989. Prior to this time, Johnson claims that he had lost no time and had suffered no incapacity. The "fact" that Johnson had lost no time from work is not supported by the record.[2] The record clearly shows that Johnson may have missed work as early as June 1987 and that he missed at least nine days of work in December 1987 because of the symptoms allegedly stemming from his exposure to chlorine and other substances. No conflicting evidence showing that Johnson did not miss work exists in the record.

The Commission found that Johnson suffered incapacity as early as June 26, 1987, and no later than December 1987 because Johnson may have missed work in June or July 1987 and did miss work in December 1987 because of his laryngitis. The record amply supports these findings and Johnson fails to show any flaw in the evidence upon which the Commission relied.[3] Accordingly, because Johnson did not marshal the evidence in support of the Commission's findings and then demonstrate that those findings were unsupported by substantial evidence, we accept the findings of the Commission as conclusive. *Stewart*, 831 P.2d at 138.

Johnson also claims that the Commission applied the incorrect statute of limitations to his action. Because he failed to raise this issue before the ALJ or before the Commission, we will not consider it for the first time on review. *Merriam v. Board of Review*, 812 P.2d 447, 451 (Utah App.1991);

---

1. This review is distinguishable from both a *de novo* review and the "any competent evidence" standard of review. *Grace Drilling*, 776 P.2d at 68.

2. An appellate court need not, and will not, consider any facts not properly cited to or supported by the record. *Uckerman v. Lincoln Nat'l Life Ins. Co.*, 588 P.2d 142, 144 (Utah 1978).

3. Nowhere in the record or in Johnson's brief does Johnson question the definition of the term "incapacity" as used in Utah Code Ann. § 35–2–48 (1988). In fact, Johnson consistently equates incapacity with missed work. We assume, but do not decide, that "incapacity" is linked to missed work and we decline to extend our analysis to an independent review of this issue when Johnson has failed to so posture his challenge.

*Rekward v. Industrial Comm'n*, 755 P.2d 166, 168 (Utah App.1988).

## CONCLUSION

We accept the findings of the Commission establishing that Johnson's cause of action arose no later than January 1988, and that Johnson failed to file his claim within the time allowed by Utah Code Ann. § 32–2–48 (1988). We do not address Johnson's claim that the Commission applied the improper statute of limitations because he failed to raise it before the Commission. Accordingly, we affirm.

BENCH, J., concurs.

ORME, J., concurs in result.