2011 UT App 48

**Amos S. KONAN, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20100934–CA.

Court of Appeals of Utah.

Feb. 17, 2011.

Carr lacked good cause for filing an untimely appeal under Utah Admin. Code R994–508–104.

Amos S. Konan, Salt Lake City, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Petitioner Amos S. Konan challenges a decision of the Workforce Appeals Board (the Board) assessing a repayment and a statutory penalty against him for unlawfully obtaining unemployment benefits. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 We will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). We will not disturb the Board's conclusion regarding the application of law to facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Emp't Sec.*, 801 P.2d 158, 161 (Utah Ct.App.1990).

¶ 3 A claimant who knowingly fails to report a material fact on a weekly unemployment claim is not eligible for benefits. *See* Utah Code Ann. § 35A–4–405(5)(a) (Supp. 2010). Upon a finding of fraud, the claimant must repay any benefits received along with a civil penalty equal to the amount of benefits received. *See id.* § 35A–4–405(a), (c). Konan does not dispute that he was working twelve-hour days at his own business while collecting unemployment benefits. Accordingly, the only issue before this court is whether the Board properly imposed a fraud overpayment and statutory penalty.

Accordingly, we decline to address them.

¶ 4 At the time that Konan filed an initial benefits claim in May 2010, he had rented the space for his business, made upgrades to the space to allow him to obtain a business license, and traveled to California to purchase goods to sell. In June, he opened the business. He testified that he worked at the retail location from 10 a.m. until 9 p.m. daily from June to August 2010, while filing weekly claims and collecting unemployment benefits. Although he sold some products, he reinvested all the money he received in the business.

¶ 5 Konan admitted that he received the claimant's guide, but he did not read it. The guide stated that self-employment must be reported in answering the question "Did you work?" on weekly benefit claims. Furthermore, when Konan filed the initial benefits claim on May 17, 2010, he was asked if he was self-employed or was an officer of a corporation, and he responded, "No." "A claimant has an obligation to read material provided by the Department [of Workforce Services (the Department)] and to ask a Department representative if he or she has a question about what information to report." Utah Admin. Code R994–406–401(1)(b). Therefore, Konan was "accountable for the information contained in the claimant guide." *Smith v. Department of Workforce Servs.*, 2010 UT App 382, ¶ 11, 245 P.3d 758.

¶ 6 The elements that must be demonstrated to support the assessment of a fraud overpayment and penalty are materiality, knowledge, and willfulness. *See* Utah Admin. Code R994–406–401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id.* R994–406–401(1)(a)(i)(A). Because Konan received benefits to which he was not entitled due to his failure to provide self-employment information, the element of materiality was established. Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or that the claimant failed to provide required information. *See id.* R994–406–401(1)(b). Konan's initial benefits claim asked if he was

self-employed and he answered that he was not. Konan acknowledged receipt of the claimant's guide, which advised him that he must report self-employment on his weekly claims. Konan claims that he did not understand he was required to report that he was working at his own business because he did not make any money. However, the weekly claims form asked only if he had worked during the week in question and did not ask if he made money. Accordingly, the element of knowledge was established. "Willfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994–406–401(1)(c). Willfulness is established because Konan filed claims that failed to set forth material facts or that contained false statements because he failed to report his self-employment.

¶ 7 Although the Board considered Konan's claim that it would be a financial hardship if he was required to repay the benefits received and statutory penalty, it correctly noted that once the elements of fraud have been found, the statutory penalty cannot be altered. Neither the Board nor this court has the authority to alter the statutory penalty. *See id.* R994–406–403; *Diprizio v. Industrial Comm'n*, 572 P.2d 679, 680–81 (Utah 1977).

¶ 8 The Board's finding of fraud is supported by substantial evidence and did not exceed the bounds of reasonableness and rationality. We affirm.