2011 UT App 226

**Melody R. BROWN, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS BOARD, Respondent.**

**No. 20110361–CA.**

Court of Appeals of Utah.

July 14, 2011.

Melody R. Brown, Brigham City, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Melody R. Brown petitions for review of the decision of the Workforce Appeals Board (Board) determining that Brown's initial appeal from the denial of unemployment benefits was untimely. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 Brown was denied unemployment benefits after a determination that she was discharged for cause. In the notification of the decision, her appeal rights were specifically stated, including the date by which an appeal must be received. Brown did not file her appeal from that decision until after the appeal time had expired.

¶ 3 A claimant may appeal the determination of benefits by filing an appeal with the

Division of Adjudication. *See* Utah Code Ann. § 35A–4–406(3)(a) (2008). The timely filing of an appeal is jurisdictional. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 18, 8 P.3d 1033. Under Department of Workforce Services rules, however, an untimely appeal may be considered if good cause is shown for the delay in filing. *See* Utah Admin. Code R994–508–104; *Autoliv ASP, Inc.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause may be shown where:

> (1) the appellant received the decision after the expiration of the time limit for filing the appeal, the appeal was filed within ten days of actual receipt of the decision and the delay was not the result of willful neglect;
>
> (2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or
>
> (3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable.

Utah Admin. Code R994–508–104.

¶ 4 The administrative law judge (ALJ) found that Brown had not established good cause. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). Here, the ALJ found that Brown had received the notice promptly and that she had called the Department of Workforce Services for further instruction on filing her appeal prior to the deadline. Although Brown apparently was not comfortable filing online, the ALJ noted that she could have filed by mail or fax. The ALJ found that Brown had not been prevented from filing a timely appeal and that she had not otherwise established good cause. These findings are supported by substantial evidence. Accordingly, because Brown's untimeliness was not excused by good cause, there was no jurisdiction to consider the appeal. The Board did not err in subsequently affirming the lack of jurisdiction over Brown's appeal.

¶ 5 We uphold the Board's decision.