2011 UT App 236

### Mark E. LOCKYEAR, Petitioner,

v.

### DEPARTMENT OF WORKFORCE SERVICES, Respondent.

No. 20110408–CA.

Court of Appeals of Utah.

July 29, 2011.

---

Mark E. Lockyear, Kelso, Washington, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges ORME, THORNE, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Mark E. Lockyear seeks judicial review of the Workforce Board of Appeals's (Board) May 4, 2011 decision. This matter is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶ 2 A claimant who has been denied unemployment benefits may file an appeal with the Division of Adjudication within ten days of the original determination. *See* Utah Code Ann. § 35A–4–406(3)(a). This court has consistently held that "an untimely appeal deprives the agency of jurisdiction." *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 18, 8 P.3d 1033. If the claimant does not file an appeal within the prescribed time, the claimant must demonstrate good cause for filing a late appeal. *See id.* ¶ 12.

¶ 3 Good cause is strictly limited to circumstances where: (1) the appeal was

filed within ten days of actual receipt of the decision if such receipt was beyond the original appeal period and the delay was not the result of willful neglect; (2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or (3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable. *See id.* ¶ 12. If the claimant does not demonstrate good cause for the late filing, the ALJ does not have jurisdiction to consider the appeal. *See id.*

¶ 4 On January 13, 2011, the Department of Workforce Services (Department) determined that Lockyear was discharged from his employment for good cause. The Department's January 13, 2011 decision stated that an appeal from the decision must be filed on or before January 31, 2011. Lockyear timely received the decision, but he elected not to file an appeal until February 8, 2011. On March 8, 2011, the ALJ determined that Lockyear's appeal was untimely and that Lockyear had failed to demonstrate good cause for filing an untimely appeal as required by Utah Code section 35A–4–406(3). *See* Utah Code Ann. § 35A–4–406(3).

▪ ¶ 5 Lockyear appealed to the Board. The sole issue before the Board was whether Lockyear demonstrated good cause for filing an untimely appeal to the ALJ. The Board affirmed the ALJ's decision. This court will not disturb the Board's conclusion regarding the application of law to facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Emp't Sec.*, 801 P.2d 158, 161 (Utah Ct.App. 1990). In reviewing the Board's decision, it is not this court's role to re-weigh the evidence and determine if the outcome was correct. *See Bradley v. Payson City Corp.*, 2003, ¶ 15, 70 P.3d 47. Rather, we are charged with determining whether there was substantial evidence supporting the Board's decision, and whether such evidence is adequate to convince a reasonable mind to support such a conclusion. *See id.*

▪ ¶ 6 The record supports the Board's determination that Lockyear's appeal to the ALJ was untimely and that he failed to demonstrate good cause for filing an untimely appeal. Lockyear did not demonstrate that

he received the Department's decision after the expiration of time for filing the appeal, that the untimely appeal was due to circumstances beyond his control, or that there was a compelling or reasonable explanation for his failure to timely file an appeal.

¶ 7 On appeal to the Board, Lockyear presented new evidence as to why his appeal was not timely filed. Specifically, Lockyear asserted that he required computer assistance in order to file his appeal, and that he had to wait until a family member was available to help him. Lockyear further asserted that the family member that was going to assist him experienced medical issues during the appeal period and could not help Lockyear until after the appeal period had expired.

¶ 8 Absent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal to the Board if the evidence was reasonably available and accessible at the time of the hearing before the ALJ. *See* Utah Admin. Code R994–508–305. The Board determined that at the time of the hearing with the ALJ, Lockyear's reasons for his untimely appeal would have been known to him, that he had the opportunity to present this evidence, but that Lockyear failed to present this evidence in the hearing before the ALJ. The Board determined that it would not consider Lockyear's new evidence on appeal. Furthermore, even if the new evidence was admissible, Lockyear would have had several alternatives for filing an appeal, including mail, hand-delivery, or by facsimile. Thus, even if the new evidence was considered, it would not demonstrate that Lockyear had good cause for filing an untimely appeal.

¶ 9 There is substantial evidence supporting the Board's determination that Lockyear lacked good cause to excuse his untimely appeal. The evidence is sufficient to convince a reasonable mind that Lockyear lacked good cause for filing an untimely appeal. *See id.* Because Lockyear did not demonstrate good cause for filing an untimely appeal, the Board did not err in determining that it lacked jurisdiction to consider the merits of his appeal.

¶ 10 Accordingly, the Board's decision is affirmed.