IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Robert Takashi Swenson, | ) | AMENDED OPINION[1] |
| | ) | |
| Petitioner, | ) | Case No. 20100858-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Workforce Services, | ) | (January 26, 2012) |
| Workforce Appeals Board; and Mission | ) | |
| Health Services, | ) | 2012 UT App 25 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Raymond Takashi Swenson, Richland, Washington, for Petitioner
               Jaryl L. Rencher, Brandon G. Myers, and Suzan Pixton, Salt Lake City,
               for Respondents

-----

Before Judges Voros, Christiansen, and Greenwood.[2]

CHRISTIANSEN, Judge:

¶1     Petitioner Robert Takashi Swenson seeks review of the Workforce Appeals
Board's (the Board) determination that it lacked jurisdiction over Swenson's appeal

---

1. This Amended Opinion replaces the Opinion in Case No. 20100858-CA issued on
October 20, 2011.

2.  The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment
pursuant to Utah Code section 78A-3-103(2) (2008) and rule 11-201(6) of the Supreme
Court Rules of Professional Practice.

because he did not have good cause to justify his untimely appeal and the Board's determination that his employer had just cause for his termination. We affirm the Board's determination that it did not have jurisdiction, and thus, we do not reach the merits of its just cause determination.


BACKGROUND

¶2     Swenson was employed as a licensed practical nurse in a rehabilitation facility and was terminated after he tested positive for a controlled substance on a drug test. He claimed that his positive test resulted from prescribed medication.[3] Swenson filed for unemployment benefits after his termination. As part of his benefits application, Swenson agreed to receive all benefits-related communications from the Department of Workforce Services (the Department) through the Department's Electronic Correspondence Address (the ECA). The Department posted a notification on the ECA on June 23, 2010, informing Swenson of the Department's decision to deny Swenson unemployment benefits because it had determined that he was justly terminated for violating a known employment policy. The decision addressed the deadline and procedure for filing an appeal by stating,

> RIGHT TO APPEAL: If you believe this decision is incorrect, appeal by mail to: Utah Department of Workforce Services, Appeals Section, PO Box 45244, Salt Lake City, UT 84145-0244, or Fax (801) 526-9242, or online at www.jobs.utah.gov. Your appeal must be in writing and must be received or postmarked on or before July 8, 2010. An appeal received or postmarked after July 8, 2010[,] may be considered if good cause for the late filing can be established.

¶3     Swenson testified that he attempted to file an appeal online on July 7, 2010, and again on July 8, 2010, but that both times he received an error message from the Department's website. On July 8, because Swenson was unable to file his appeal, he

---

3. The parties devote significant space in their briefs and in other filings to allege that the other parties have misrepresented the facts surrounding Swenson's termination. However, no party challenges the Board's relevant factual findings regarding the actions Swenson took in appealing the initial denial of benefits.

telephoned his attorney, who is also his father, for assistance. Swenson's attorney also tried to file the appeal online but received the same error message. On July 9, 2010, Swenson's attorney faxed the appeal to the Department and also attempted to telephone the Department but was unable to speak to anyone because the Department was closed.

¶4 After a hearing, an administrative law judge (the ALJ) found Swenson's testimony credible about the steps he took to file his appeal and determined that, when Swenson attempted to appeal the Department's denial of benefits, he received error messages. The ALJ determined that "[al]though there were other options for filing an appeal, the Department's website prevented the appeal from being filed timely." Thus, the ALJ determined that Swenson had good cause for filing an appeal one day past the deadline because the "delay in filing by fax was due to circumstances that were compelling and reasonable." *See generally* Utah Admin. Code R994-508-104(3) (stating that good cause is established if "the appellant delayed filing the appeal for circumstances which were compelling and reasonable"). Nevertheless, the ALJ affirmed the Department's decision to deny benefits because Swenson's employer terminated him for just cause. *See* Utah Code Ann. § 35A-4-405(2)(a) (2005) (disallowing benefits when "the claimant was discharged for just cause"); Utah Admin. Code R994-405-208(7) (establishing the requirements of just cause when the discharge was due to drug abuse). Swenson appealed the ALJ's decision to the Board.

¶5 The Board reversed the ALJ's determination that Swenson had good cause for filing an untimely appeal. In making this determination, the Board relied on certain Department computer records, which the Department had not presented during the hearing before the ALJ and that the Board had not made available to the parties prior to its decision. The Board found that although the Department's correspondence notified Swenson of the July 8 appeal deadline and Swenson testified that he had told his attorney of this deadline, Swenson "did not try to file his appeal until sometime after 9:32 a.m. on July 9, 2010, when[, according to the computer records,] he first learned his claim had been denied." The Board determined that Swenson's testimony about his attempts to file his appeal on July 7 and July 8 were not consistent with the newly-produced computer records.

¶6 Additionally, the Board found that Swenson "was not required to file his appeal via the Internet. He could have faxed his appeal or sent it by 'regular' mail provided it was postmarked by July 8, 2010." The Board also noted that, even if it had determined that good cause excused his untimely appeal, Swenson's unemployment claim would have failed because the employer had just cause to terminate Swenson. Swenson seeks our review of the Board's decision.

ISSUES AND STANDARDS OF REVIEW

¶7      Swenson challenges the Board's determinations that he did not have good cause for his untimely appeal and that the employer had just cause for terminating him. When reviewing the Board's decision, we treat the Board's factual findings, "if supported by evidence, [as] conclusive and the jurisdiction of th[is] court is confined to questions of law."  Utah Code Ann. § 35A-4-508(8)(e) (2005).  "'When we review an agency's application of the law to a particular set of facts, we give a degree of deference to the agency. . . .  Thus, we will uphold the [Board's] decision so long as it is within the realm of reasonableness and rationality.'"  *Salt Lake Donated Dental Servs., Inc. v. Department of Workforce Servs.*, 2011 UT App 7, ¶ 4, 246 P.3d 1206 (omission and alteration in original) (quoting *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334).


ANALYSIS

¶8      At the outset, we take issue with the Board's reliance on evidence that was not presented to the ALJ or given to the parties prior to the Board making its determination about the timeliness of Swenson's appeal.[4]  However, we do not reach the issue of

---

4.  We note that Utah Code section 35A-1-304(2) allows the Board to base its decision on "evidence previously submitted in the case, or upon the basis of any additional evidence it requires," Utah Code Ann. § 35A-1-304(2) (2005).  However, neither this statute nor any other Department rule to which we have been directed allows the Board to wait until after the parties have presented their evidence to the ALJ and then gather its own evidence from the Department, which was a party to the proceeding before the ALJ, without giving the claimant notice or an opportunity to respond to that evidence.

The employer claims that the Board was justified in considering the additional evidence based on the rule that describes the ALJ hearing procedures:  "Official Department records, including reports submitted in connection with the administration of the Employment Security Act, may be considered at any time in the appeals process including after the hearing."  Utah Admin. Code R994-508-109(10).  However, the employer does not establish that the Board relied on an "official" record.  The employer also does not reconcile the additional rules in the same section that require the ALJ to conduct a hearing "in such a manner as to provide due process and protect the rights of the parties," *see id.* R994-508-109(1), and that require a party "to present all relevant

(continued...)

whether the Board improperly relied on this new evidence because it made sufficient findings regarding the filing of Swenson's appeal independent of the new evidence. Furthermore, those independent findings reasonably and rationally support the Board's determination that good cause did not excuse Swenson's untimely appeal.

¶9      Pursuant to Department rules, a claimant who has been denied unemployment benefits may appeal that denial. *See* Utah Admin. Code R994-508-101(1). However, if the claimant files an untimely appeal without good cause, "the ALJ or the Board will not have jurisdiction to consider the merits" of the appeal. *Id.* R994-508-103.

> A late appeal may be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause is limited to circumstances where it is shown that: . . . the delay in filing the appeal was due to circumstances beyond the appellant's control; or . . . the

---

4.  (...continued)
evidence in its possession," *see id.* R994-508-109(9).

    As for the rules that govern the Board's appeal procedures, "[a]bsent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ." *Id.* R994-508-305(2). The Department admits that the computer "[r]ecords . . . were available to the ALJ at the time of the hearing" but presents no "unusual or extraordinary circumstances" that would justify the Board's consideration of the new evidence. *See id.*; *cf. Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 10, 252 P.3d 372 (listing cases, statutes, and rules to support its assumption that the Board erred by considering new evidence). *See generally Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 70 (Utah Ct. App. 1989) ("Elementary fairness in unemployment compensation adjudications includes a party's right to see adverse evidence and be afforded an opportunity to rebut such evidence."). In fact, the Department's attorney acknowledged during oral argument that the Board has ceased considering additional evidence not presented to the ALJ since this court decided *Smith v. Workforce Appeals Board*, 2011 UT App 68, 252 P.3d 372.

    Although the procedure followed by the Board appears to violate its own rules and Swenson's right to due process, our disposition of this case does not require us to address this issue further.

> appellant delayed filing the appeal for circumstances which
> were compelling and reasonable.

*Id.* R994-508-104(2)-(3).

¶10     Although the Board relied on the new evidence of the computer record to overrule certain of the ALJ's factual findings, the Board also concluded that Swenson "was not required to file his appeal via the Internet.  He could have faxed his appeal or sent it by 'regular' mail provided it was postmarked by July 8, 2010."[5]  Swenson did not produce evidence to suggest that he was precluded from timely filing his appeal through one of the other methods that was available to him.  Thus, it is irrelevant to our decision that the Department's faulty computer program precluded Swenson from filing his appeal by his preferred method before the deadline.  *See Brown v. Department of Workforce Servs.*, 2011 UT App 226, ¶ 4, 257 P.3d 1105 (per curiam) (affirming the ALJ's determination that the claimant had not established good cause for her untimely appeal because even though the claimant was uncomfortable filing her appeal online, she was not prevented from filing a timely appeal by mail or fax).

¶11     Furthermore, according to Swenson's testimony, he was aware before the filing deadline that there was a problem with filing his appeal online.  And although he was aware of this problem with the Department's website, Swenson did not demonstrate that he was also unable to file his appeal by fax or by mail.  Therefore, we affirm the Board's determination that it lacked jurisdiction to hear Swenson's appeal because he did not establish good cause for filing an untimely appeal.  *See id.*; *see also Lockyear v. Department of Workforce Servs.*, 2011 UT App 236, ¶ 8 (per curiam) (determining that even if the claimant could not file his appeal online without assistance, he "had several alternatives for filing an appeal, including mail, hand-delivery, or by facsimile," and thus, his problems associated with filing online did not establish good cause for his untimely appeal); *cf. Santistevan v. Department of Workforce Servs.*, 2000 UT App 113U, para. 5 (mem.) (per curiam) (affirming the Board's decision that the claimant did not have good cause for the untimely filing of her appeal even though she contended that "she was given the wrong fax number by department personnel" because she knew the first attempt to fax the appeal failed and she did nothing to obtain the correct fax number or otherwise timely file her appeal).

---

5.  This finding was also consistent with the ALJ's finding that Swenson had alternative methods for filing his appeal.

CONCLUSION

¶12    We affirm the Board's decision that Swenson did not establish good cause for filing his untimely appeal and that it, therefore, lacked jurisdiction.


_____
Michele M. Christiansen, Judge

-----

¶13    WE CONCUR:


_____
J. Frederic Voros Jr., Judge


_____
Pamela T. Greenwood, Senior Judge