IN THE UTAH COURT OF APPEALS

----ooOoo----

Preston Atamanczyk,             )          PER CURIAM DECISION

                                  )

        Petitioner,            )          Case No.  20120409-CA

                                  )

v.                           )            F I L E D

                                )          (July 27, 2012)

Department of Workforce Services,    )

                                )              2012 UT App 207

        Respondent.         )

-----

Original Proceeding in this Court.

Attorneys:     Preston Atamanczyk, Stansbury Park, Petitioner Pro Se
                Suzan Pixton, Salt Lake City, for Respondent

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     Preston Atamanczyk seeks judicial review of the Workforce Board of Appeals's (Board) April 20, 2012 decision.  This matter is before the court on a sua sponte motion for summary disposition.  We decline to disturb the Board's decision.

¶2     Atamanczyk challenges the Board's decision denying his request for unemployment benefits on the ground that he refused to accept an offer of suitable new work.  An individual is ineligible for unemployment benefits if the claimant has failed, without good cause, to properly apply for available, suitable work or to accept a referral to suitable work offered by an employer or the employment office.  *See* Utah Code Ann. § 35A-4-405(3)(a) (2012).  It is considered a refusal of new work when a claimant engages in conduct which discourages an offer of work, places unreasonable barriers to employment, or accepts an offer of new work but imposes unreasonable conditions which cause the offer to be rescinded.  *See* Utah Admin. Code R994-405-304.  An

agency's findings of fact are accorded substantial deference and will not be overturned if they are based on substantial evidence, even if another conclusion from the evidence is permissible. *See Hurley v. Board of Review of Indus. Comm'n*, 767 P.2d 524, 526-27 (Utah 1988). This court will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *See Johnson v. Department of Emp't Sec.*, 782 P.2d 965, 968 (Utah Ct. App. 1989).

¶3     The Board found that Atamanczyk informed Strategic Staffing that he would not accept work assignments that paid him less than fifteen dollars per hour. The Board determined that by placing this restriction on employment assignments, Atamanczyk created unreasonable barriers to his employment, and he effectively failed to accept an offer of suitable new work by setting a condition on his employment that was unreasonable under the circumstances. Based on these findings, the Board determined that Atamanczyk was not entitled to benefits under Utah Code section 35A-4-405(3)(a). *See* Utah Code Ann. § 35A-4-405(3)(a).

¶4     The Board's decision denying benefits is supported by substantial evidence. Moreover, Adamanczyk fails to provide this court with any legal argument or analysis demonstrating that the Board erred in reaching its decision. Under such circumstances, we cannot say that the denial of benefits to Adamanczyk exceeded the bounds of reasonableness and rationality. *See Nelson v. Dep't of Emp't Sec.*, 801 P.2d 158, 161 (Utah Ct. App. 1990).

¶5     Accordingly, the Board's decision is affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge