**2019 UT App 184**

# THE UTAH COURT OF APPEALS

MARTHA S. PRITCHARD,
Petitioner,
*v.*
LABOR COMMISSION AND AUTOLIV,
Respondents.

Opinion
No. 20180946-CA
Filed November 15, 2019

Original Proceeding in this Court

Michael Gary Belnap and Stony Olsen, Attorneys
for Petitioner

Mark R. Sumsion and Lori L. Hansen, Attorneys for
Respondent AutoLiv

Jaceson R. Maughn, Attorney for Labor Commission

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1      Martha S. Pritchard asks us to conclude that she is entitled to workers' compensation benefits because her pre-existing spinal condition was aggravated, or "lit up," while on the job. But Pritchard fails to effectively challenge the finding of fact that her work exposure did *not* aggravate her pre-existing condition. Pritchard also fails to show that her condition was asymptomatic leading up to the time she claims her injury occurred. The Utah Labor Commission (Commission) concluded that Pritchard's condition was not caused, aggravated, or worsened by her work exposure and therefore denied her claim. We decline to disturb the Commission's order.

## BACKGROUND[1]

¶2      Pritchard has a long history of spinal issues. As early as 2007, CT scans of Pritchard's thoracic spine revealed that she suffered from "degenerative disc disease with mild end plate osteophyte formation." In 2009, Pritchard was diagnosed with "moderate annular bulging disc . . . , central mild disc protrusion . . . with mass effect on the central dural sac, mild to moderate hypertrophic facet disease bilaterally, and mild disc degeneration."

¶3      Pritchard received ongoing treatment for her spinal problems leading up to the time she alleged her condition was aggravated. Prior to filing her claim, Pritchard's ongoing spinal treatment included physical therapy, injections, and medication consisting of muscle relaxants, pain medication, and anti-inflammatory medication. Importantly, due to her ongoing spinal issues—which Pritchard's doctor noted she had been experiencing for a long period of time—Pritchard received an injection on October 13, 2011, only two weeks prior to the time she claims her spinal condition was aggravated at work.

¶4      In January 2017, Pritchard filed a claim with the Commission seeking permanent total disability workers' compensation benefits. Pritchard, who worked for AutoLiv (Employer) beginning in 2007, alleged that she aggravated a pre-existing spinal condition sometime between October 30, 2011, and September 13, 2014 (Claim Period).[2] Specifically, Pritchard alleged that during the Claim Period her spinal condition was

---

1. "We state the facts and all legitimate inferences drawn therefrom in the light most favorable to the agency's findings." *ABCO Enters. v. Utah State Tax Comm'n*, 2009 UT 36, ¶ 2 n.1, 211 P.3d 382 (cleaned up).

2. Pritchard did not work from February 2013 to approximately September 2013 due to an unrelated motor vehicle accident.

aggravated as a result of "her cumulative daily lifting of 88 totes that weighed 38 pounds at least 3 times daily."

¶5    An administrative law judge (ALJ) held an evidentiary hearing on September 29, 2017. And due to conflicting medical opinions concerning the cause of Pritchard's spinal condition being aggravated, the ALJ referred the issue of medical causation to a medical panel (Medical Panel).[3]

¶6    The Medical Panel determined that Pritchard's condition and symptoms were not caused or worsened by her work activities. Specifically, the Medical Panel concluded that Pritchard's "exposure from work activities [for Employer] from October 30, 2011 to September 13, 2014 did not cause or worsen [Pritchard's] medical condition and 100% of her medical condition was caused by her chronic cervical, thoracic, and lumbar degenerative disc disease." The Medical Panel further stated that acute instances of pain with chronic spinal conditions are normal and that "Pritchard ha[d] reported pain before, during, and after the time period alleged to be causative of her condition." The Medical Panel concluded that while Pritchard's work exposure at Employer "may have been associated with recurrent episodes of low back pain, [it] most likely did not cause or worsen" her spinal conditions.

¶7    The ALJ found the Medical Panel report to be "thorough and well-reasoned" and adopted its findings. The ALJ also found the report to be consistent with that of Dr. Green—one of Pritchard's treating physicians. Dr. Green not only diagnosed Pritchard with "cervical thoracic, and lumbar degenerative disc disease . . . long before [her] workers' compensation claim," but

---

3. Rule R602-2-2(A) of the Utah Administrative Code requires an ALJ to "refer significant medical issues, such as conflicting medical opinions related to causation of the injury or disease, to an independent medical panel." *Clean Harbors Envtl. Services v. Labor Comm'n*, 2019 UT App 52, ¶ 18, 440 P.3d 916 (cleaned up).

he also found that Pritchard's spinal issues were "not medically or causally related to [her] workers' compensation claim at all. They are 100 percent related to nonindustrial factors." The ALJ concluded that Pritchard's "medical condition was not medically caused by her occupational exposure [for Employer] from October 30, 2011 to September 13, 2014."

¶8 The Commission agreed with the ALJ, noting that the evidence supports a finding that while Pritchard may have experienced symptoms from her pre-existing conditions while working, "her work activities did not actually combine with such conditions to make them worse."

¶9 Pritchard petitions for judicial review.


ISSUE AND STANDARD OF REVIEW

¶10 The issue before us is whether Pritchard's spinal issues were medically caused or aggravated by her work.[4] "Aggravation of a pre-existing condition is a factual matter to be determined by the ultimate finder of fact." *Johnston v. Labor Comm'n*, 2013 UT App 179, ¶ 23, 307 P.3d 615. "[A] challenge to an administrative agency's finding[s] of fact is reviewed for substantial evidence," *Provo City v. Utah Labor Comm'n*, 2015 UT 32, ¶ 8, 345 P.3d 1242, and findings of fact are therefore "accorded substantial deference and will not be overturned if they are based on substantial evidence, even if another

---

4. Pritchard's recitation of the issue presented could be read to suggest that the issue before us is whether the Commission applied the correct legal standard. However, her argument centers on the Commission's factual findings. Further, the issue of aggravation of a pre-existing condition is a factual question, which we review to ensure it is supported by substantial evidence. *Johnston v. Labor Comm'n*, 2013 UT App 179, ¶ 23, 307 P.3d 615. And in any case, we conclude that the Commission applied the correct standard.

conclusion from the evidence is permissible," *Atamanczyk v. Department of Workforce Services*, 2012 UT App 207, ¶ 2, 283 P.3d 1071 (per curiam).

ANALYSIS

¶11   Pritchard first argues that her theory of recovery—the "lighting-up" theory—is alive and well under Utah law. And generally, we agree. *See Johnston v. Labor Comm'n*, 2013 UT App 179, ¶¶ 23–25, 307 P.3d 615. Indeed, this court has held that "a claimant can generally recover benefits when an industrial injury aggravates or 'lights up' a pre-existing condition *and* has a causal connection with the subsequent onset of symptoms." *Id.* ¶ 23 (emphasis added) (cleaned up); *see also Crosland v. Board of Review*, 828 P.2d 528, 530 (Utah Ct. App. 1992) ("Utah courts have followed the well-established common law rule that when an industrial accident lights up or aggravates a preexisting deficiency or disease, the resulting disability is compensable as long as the industrial accident was the medical and legal cause of the injury."). Pritchard's second argument—that "[t]here is simply no evidence to show that [Pritchard's] preexisting condition was not lit up"—is, however, unavailing.

¶12   First, Pritchard cannot satisfy the first prong of a lighting-up theory because her pre-existing condition was not asymptomatic—a fact which she does not challenge. Pritchard correctly articulates that "[a]n asymptomatic condition that becomes symptomatic at work is the literal definition of 'lighting up.'" *Tintic Milling Co. v. Industrial Comm'n*, 206 P. 278, 280 (Utah 1922) (holding that work exposure "li[t] up a *dormant* condition which existed previously" (emphasis added)); *see also Pinyon Queen Mining Co. v. Industrial Comm'n*, 204 P. 323, 328 (Utah 1922) (holding that acceleration of a *dormant* disease caused by work exposure triggered the lighting-up theory). Pritchard, though, does nothing to demonstrate that her pre-existing spinal condition was asymptomatic prior to the Claim Period. Namely, Pritchard does not challenge or explain (1) the fact that she received spinal treatment on October 13, 2011, only two weeks

prior to the time her spinal condition was aggravated, or (2) that the Medical Panel, ALJ, and the Commission found that she experienced ongoing pain and received ongoing treatments prior to the Claim Period. Accordingly, we decline to disturb the Commission's finding that Pritchard's pre-existing condition was not lit up by her work exposure.

¶13   Second, even if Pritchard could show that her pre-existing spinal condition was lit up in this case, she does not argue, address, or even discuss whether that lighting up was medically caused by her work exposure. Nor does she challenge the ALJ's explicit finding that her "medical condition was not medically caused by her occupational exposure [for Employer] from October 30, 2011 to September 13, 2014," with which the Commission agreed. As discussed above, to trigger the lighting-up theory, claimants must show that their pre-existing conditions were lit up *and* that the lighting up was medically caused by their work exposure. *Johnston*, 2013 UT App 179, ¶ 23. Accordingly, we decline to disturb the Commission's finding that Pritchard's spinal condition was not medically caused by her work exposure.

¶14   Because Pritchard has not demonstrated a lack of substantial evidence supporting the Commission's finding that her pre-existing condition was not lit up and that her condition was not medically caused by her work exposure, we decline to disturb the Commission's decision.

CONCLUSION

¶15   Although Pritchard correctly states the standard for triggering the "lighting-up" theory, she does not successfully challenge the agency's determinations that (1) her pre-existing spinal condition was not lit up because it was never dormant or asymptomatic and (2) even if her condition was lit up, it was not medically caused by her work exposure. Therefore, we decline to disturb the Commission's order.

———————